### GRANGER v. COOPER ET AL.

TRIAL: EVIDENCE: CONVEYANCE.

*Appeal from Story Circuit Court.*

THURSDAY, APRIL 5.

ACTION in chancery brought by a wife to set aside a deed in which she united with her husband to convey their homestead, on the ground that its execution on her part was not voluntary but procured by compulsion exerted by her husband, with the knowledge of the grantees who are defendants to this suit. There was a decree dismissing plaintiff's petition, from which she appeals.

*S. F. Balliet* and *J. L. Dana*, for appellant.

*Thompson & McCall*, for appellees.

BECK, J.—I. The first objection urged by plaintiff to the decree of the Circuit Court is based upon the alleged facts that the cause was tried before the judge of that court as a referee; that the trial was had in vacation and judgment then rendered in the cause for costs against plaintiff, including the sum of twenty dollars taxed as the fees of the judge, he merely acting as the referee. But this objection is readily disposed of by the simple remark that the record utterly fails to support these allegations of facts upon which plaintiff assails the decree.

II. Plaintiff seeks relief on the ground that she executed the deed, which she asks may be set aside, through coercion of her husband with the knowledge of defendants. She alleges that the act on her part was induced by the threats of the husband to abandon his family and her desire to preserve her family unbroken. We think the evidence fails to support her allegations. That she executed the conveyance reluctantly appears, but it is not shown that such coercion or duress was exercised toward her, as to deprive her of freedom of action. To our minds it is satisfactorily shown that plaintiff ex-

ecuted the deed voluntarily. After its execution she voluntarily left the premises, which were taken possession of by defendants, and for months she quietly acquiesced in the sale of the land. She delayed bringing this action for more than eight months after she joined in the conveyance with her husband and, during all this time, made no complaint. These facts tend to support the conclusion that the deed was executed by her voluntarily. The discussion of the evidence here, which leads us to these conclusions, would demand time and space that, under our practice, is not devoted to questions of fact. The judgment of the Circuit Court is

AFFIRMED.